IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:19CR639-1 |
| v. | : | |
| WALTER CLIFTON WOOD | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, WALTER CLIFTON WOOD, in his own person and through his attorney, Aaron B. Wellman, and state as follows:

1. The defendant, WALTER CLIFTON WOOD, is presently under Indictment in case number 1:19CR639-1, which in Count One charges him with a violation of Title 18, United States Code, Section 2422(b), enticing a minor to engage in sexual activity; which in Counts Two and Three charge him with violations of Title 18, United States Code, Section 2252A(a)(2)(A) and (b)(1), transporting child pornography; and which in Count Four charges him with a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2), possession of child pornography.

2. The defendant, WALTER CLIFTON WOOD, will enter a voluntary plea of guilty to Count Two of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States

beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, WALTER CLIFTON WOOD, understands that as to Count Two of the Indictment herein, he shall be sentenced to a term of imprisonment of not less than five years nor more than twenty years, and the maximum fine for the Indictment herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, WALTER CLIFTON WOOD, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

b. The defendant, WALTER CLIFTON WOOD, understands that upon the acceptance by the Court of a guilty plea to Count Two of the Indictment herein, the defendant would be subject to the enhanced penalty provisions of Title 18, United States Code, Section 2252A(b)(1) at the time of sentencing if the defendant has a prior conviction under chapter 110, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any

State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children. If the Court determines that the enhanced provisions of Title 18, United States Code, Section 2252A(b)(1) are applicable, the term of imprisonment shall be not less than fifteen years, nor more than forty years.

    c.    The defendant, WALTER CLIFTON WOOD, understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of any term of years not less than five, or life, after imprisonment, pursuant to Title 18, United States Code, Section 3583(k).

    d.    The defendant, WALTER CLIFTON WOOD, understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed

3

by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

e. The defendant, WALTER CLIFTON WOOD, understands that the Court shall order, in addition to any other criminal penalty authorized by law, that the defendant make restitution, pursuant to Title 18, United States Code, Section 2259, to any victim of the offense of conviction.

f. The defendant, WALTER CLIFTON WOOD, also understands that the Court is required to impose a Justice for Victims of Trafficking Act ("JVTA") special assessment of $5,000, unless the Court finds the defendant to be indigent, pursuant to Title 18, United States Code, Section 3014.

g. The defendant, WALTER CLIFTON WOOD, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, WALTER CLIFTON WOOD, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, WALTER CLIFTON WOOD, further understands that in the event he is a

4

naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

    h.    The defendant, WALTER CLIFTON WOOD, understands that, by entering a plea of guilty to Count Two of the Indictment herein, he will be required to register as a sex offender under the laws of the United States and any state in which he resides, works, and or attends school, and that it is the defendant's responsibility to comply with any applicable registration requirements. See for example 34 U.S.C. § 20901-20962 and N.C.G.S. §§ 14-208.5 - 208.45.

3.    By voluntarily pleading guilty to Count Two of the Indictment herein, the defendant, WALTER CLIFTON WOOD, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4.    The defendant, WALTER CLIFTON WOOD, is going to plead guilty to Count Two of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, WALTER CLIFTON WOOD, to Count Two of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant,. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is understood that if the Court determines at the time of sentencing that the defendant, WALTER CLIFTON WOOD, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

c. The defendant, WALTER CLIFTON WOOD, agrees to pay restitution to the extent allowed in Title 18, United States Code, Section 2259, as determined by the Court, to any victims harmed by defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3. This portion of the Plea Agreement is made pursuant to Title 18, United States Code, Section 3663A(a)(3).

6

d. The defendant, WALTER CLIFTON WOOD, agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

e. The defendant, WALTER CLIFTON WOOD, agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, the defendant, WALTER CLIFTON WOOD, agrees that, before sentencing, he shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly him. The defendant, WALTER CLIFTON WOOD, shall also identify all assets valued at more than $5,000 which have been transferred to third parties since July 27, 2018, including the location of the assets and the identity of any third parties.

f. The parties will jointly recommend that as a condition of supervised release, the defendant, WALTER CLIFTON WOOD, will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, and before he transfers any interest in property owned by him, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the

7

execution of this agreement until the fine or restitution is paid in full. See 18 U.S.C. § 3664(k),(n).

g. The defendant, WALTER CLIFTON WOOD, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, WALTER CLIFTON WOOD, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

h. The defendant, WALTER CLIFTON WOOD, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

i. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, WALTER CLIFTON WOOD, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant,

8

WALTER CLIFTON WOOD, pleads guilty and later seeks to withdraw his guilty plea (or seeks to directly appeal or collaterally attack his conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

j. In exchange for the government's agreement to dismiss the remaining counts of the Indictment herein, the defendant, WALTER CLIFTON WOOD, entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the defendant, WALTER CLIFTON WOOD, may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the government appeals the sentence.

6. With regard to forfeiture, the United States and the defendant, WALTER CLIFTON WOOD, agree as follows:

a. The defendant, WALTER CLIFTON WOOD, knowingly and voluntarily consents and agrees to forfeit to the United States all right, title, and interest in and to any and all visual depictions described to Title 18, United States Code, Section 2252A, and any and all property, real or personal, used

9

or intended to be used to commit or to promote the commission of the offense to which he is pleading guilty. The property to be forfeited includes, but is not limited to, the following:

      i. One Motorola Moto G Model XT1548 phone; and

      ii. One LG Optimus Select model AS730 phone.

The defendant acknowledges that his interest in the foregoing property is subject to forfeiture based on the offense to which he is pleading guilty.

      b. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

10

c.  The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment of the United States Constitution.

d.  The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

e.  The defendant agrees and understands that the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of any property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

11

7. The defendant, WALTER CLIFTON WOOD, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, WALTER CLIFTON WOOD, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, WALTER CLIFTON WOOD, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10. The defendant, WALTER CLIFTON WOOD, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the

12

defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the  1  day of ~~March~~ April, 2020.

MATTHEW G.T. MARTIN
United States Attorney

AARON B. WELLMAN
Attorney for Defendant

ERIC L. IVERSON
NCSB # 46703
Assistant United States Attorney

WALTER CLIFTON WOOD
Defendant

101 S. Edgeworth St.,
4th Floor
Greensboro, NC 27401

336/333-5351

TMM

13